UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL CATEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:18-cv-1973 |
| ) | |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff, Daniel Catey, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against Life Insurance Company of North America ("LINA") and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Daniel Catey brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132.

2. Daniel Catey is a resident of Bargersville, Indiana and a citizen of the State of Indiana.

3. Life Insurance Company of North America ("LINA") is a Pennsylvania company doing business in Indiana. LINA's principal place of business is in Philadelphia, Pennsylvania.

4. Daniel Catey is insured under a disability income policy ("disability policy") issued by LINA.

5. Pursuant to the disability policy, LINA promises to pay monthly disability benefit payments in the event Mr. Catey is unable to work due to illness.

6. Venue in the Southern District of Indiana is appropriate by virtue of the Plan being administered in this District.

## II.  FACTUAL ALLEGATIONS

7. Daniel Catey was employed by Builders Firstforce, Inc. until July 21, 2016.

8. Mr. Catey was forced to leave his position as Area Manager due to multiple strokes, a heart attack, and cardiac arrest.

9. Mr. Catey applied for long term disability benefits and LINA paid him benefits from September 19, 2016 until February 28, 2017 when they were abruptly terminated.

10. Mr. Catey appealed LINA's termination of his long term disability benefits on April 5, 2017, and LINA denied his appeal on June 28, 2017.

11. Mr. Catey submitted a second appeal on March 23, 2018.  As of the date of the filing of this Complaint, LINA has failed to issue a determination on the appeal within the maximum 90 day regulatory deadline; accordingly, the Court shall hear this case *de novo*.

12. Mr. Catey has provided significant medical proof of his disability from his treating physicians, who have repeatedly opined that Mr. Catey is totally disabled from performing any occupation.

13. Mr. Catey's cardiologist, Dr Bradley Weinberg, stated in a January 18, 2018 Attending Physician's Statement that Mr. Catey has "significant cognitive impairment…and I do not believe he will be able to return to gainful employment."

14. Despite this proof, the Defendant refuses to pay Mr. Catey his disability benefits.  As a result of the termination of his benefits, Mr. Catey suffers from serious financial and emotional distress.

## III.  CLAIM FOR RELIEF
## WRONGFUL DENIAL OF EMPLOYEE BENEFITS

15. Paragraphs 1-14 are hereby realleged and incorporated herein by reference.

16. From July 2016, when Daniel Catey was forced to leave active employment, until the present, Mr. Catey remains unable to perform the material duties of his regular occupation or any occupation for which he is reasonably qualified based on his education, training or experience.

17. Mr. Catey provided the Defendant with ample medical evidence to verify his disability under the LINA policy.

18. The Defendant has intentionally and without reasonable justification denied Mr. Catey's long term disability benefits in violation of the LINA long term disability policy and ERISA.

WHEREFORE, the Plaintiff, Daniel Catey, requests that this Honorable Court enter Judgment:

A. Finding that Daniel Catey is entitled to long term disability benefits and order the Defendant to pay the past due benefits.

B. Finding that Daniel Catey is entitled to long term disability benefits and order the Defendant to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Daniel Catey
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com